UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALICIA JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-366-BAJ-RLB** |
| **SOCIAL SECURITY ADMINISTRATION** | |

### NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 26, 2016.

 _____
 RICHARD L. BOURGEOIS, JR.
 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALICIA JOHNSON                                                              CIVIL ACTION

VERSUS                                                                            NO. 15-366-BAJ-RLB

SOCIAL SECURITY
ADMINISTRATION

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court ordered Plaintiff to show cause by April 25, 2016 as to why her cause of action should not be dismissed with prejudice for failure to prosecute. As of this Order of Dismissal, Plaintiff has failed to comply with the Court's April 11, 2016 Order to Show Cause. For the reasons given below, the Court **RECOMMENDS** that Plaintiff's cause of action be **DISMISSED** for failure to prosecute.

Plaintiff filed this action in the Eastern District of Louisiana on October 27, 2014, seeking judicial review of the Commissioner's final decision denying her application for benefits under the Social Security Act. (R. Doc. 1). Plaintiff, however, failed to pay the court's filing fee and was advised on October 30, 2014 that within 2 days she must either pay the fee or apply to proceed in forma pauperis. (R. Doc. 2). Plaintiff failed to do either within 2 days of the October 30, 2014 Order.

On November 5, 2014, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis. (R. Doc. 4). The Motion, however, was incomplete and deemed deficient. (R. Docs. 4, 5). As such, Plaintiff was ordered to either submit the filing fee or a properly-completed application to

proceed in forma pauperis by December 19, 2014. (R. Doc. 5). In compliance with that Order, Plaintiff submitted a properly-completed application (R. Doc. 6), which was granted on December 15, 2014. (R. Doc. 8).

On March 20, 2015, given that the case was over 120 days old and Plaintiff had not shown proof of service, Magistrate Judge North ordered Plaintiff to show cause "as to why her lawsuit should not be dismissed for failure to prosecute." (R. Doc. 13). Within two weeks of that Order, Plaintiff filed proof of service in the record. (R. Docs. 15, 17, 18).

On April 8, 2015, Defendant file a Motion to Dismiss or Transfer Venue (R. Doc. 19), as Plaintiff had improperly filed her cause of action in the Eastern District instead of the Middle District of Louisiana. Plaintiff did not file any response to the Motion, which was eventually granted. (R. Doc. 21).

On June 5, 2015, the case was transferred to this Court. (R. Doc. 22). On June 9, 2015, this Court issued a Scheduling Order requiring Plaintiff to file her "Memorandum in Support of Appeal" within 60 days "after filing of the notice and administrative record." (R. Doc. 23 at 1).

Defendant filed its Notice of Filing Transcript of Administrative Record on October 5, 2015. The Scheduling Order required Plaintiff to file her Memorandum in Support of Appeal within 60 days of Defendant's filing, therefore Plaintiff's Memorandum was due on December 4, 2015 — over 4 months ago. *See* Fed. R. Civ. P. 6(a)(1)(A) ("[I]n computing any time period specified in" a court order — "[w]hen the period is stated in days . . . (A) exclude the day of the event that triggers the period."); Fed. R. Civ. P. 6(a)(1)(B)-(C) ("(B) count every day, including Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

On April 11, 2016, this Court ordered Plaintiff to show cause on or before April 25, 2016 as to why her claim should not be dismissed for failure to prosecute. (R. Doc. 25).  In its Order, the Court "advised that failure to comply with this Order could result in dismissal without further notice." (R. Doc. 25 at 3).  Despite the Court's clear instructions, Plaintiff failed to comply with the Order to Show Cause.

Considering Plaintiff's lack of diligence and failure to comply with deadlines throughout this litigation, the Court **RECOMMENDS** that Plaintiff's cause of action be **DISMISSED without prejudice** for failure to prosecute.

Signed in Baton Rouge, Louisiana, on April 26, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**